## JANDROZIEJOWSKI v BURGHARDT

Ohio Appeals, 6th Dist, Lucas Co

No 2975. Decided Nov 30, 1934

Stanley A. Grzezinski, Toledo, and E. J. Lynch, Toledo, for plaintiffs in error.

Yager, Bebout & Stecher, Toledo, for defendant in error.

### OPINION

**By THE COURT**

On the morning of October 29, 1931, Leitha Marguerite Burghardt, a girl nine years of age, was struck by an automobile owned by Stella Jandroziejowski and driven by her husband Joseph Jandroziejowski, both of them being occupants of the car. The happening occurred in the Village of Whiteford Center, Michigan, a short distance north of a school zone marked by appropriate signs.

The principal witness as to the happening was the father of the young girl, who testified as to the speed of the automobile and the manner of going across the street by plaintiff, the question being primarily whether she ran directly in front of the automobile or whether the occurrence resulted from want of care on the part of the driver of the automobile.

On cross-examination Burghardt was asked these questions:

"Q. And you had a conversation with Mrs. Jandroziejowski (referring to a time about a week after the accident)?

A. Yes, sir.

Q. And at that time you said that if the child had made another step she would have been across the street?

A. I did.

Q. And that the accident was the child's fault?"

This last question was objected to and the court sustained the objection, on the theory evidently, that it was the ultimate fact to be determined by the jury and that the mere opinion of a witness as to what caused the occurrence would be inadmissible. If this, or similar, questions were asked on direct examination it would be objectionable, but when asked upon cross-examination it is, in our judgment, a proper question as bearing upon the credibility of the witness. It should therefore have been allowed and if answered affirmatively might have had considerable bearing upon the verdict. Of course, that is problematical, but considering the record in its entirety, we are of opinion that under the facts and circumstances disclosed thereby, the verdict and judgment are manifestly against the weight of the evidence.

Judgment reversed and cause remanded for a new trial.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.